UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE MILLS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:08co1046 (MRK) |
| | : | |
| CITY OF NEW HAVEN, | : | |
| ROBERT A. TORELLI, JR., | : | |
| STEPHEN VERRELLI, | : | |
| MARTIN TCHAKIRIDES, | : | |
|     Defendants. | : | AUGUST 26 , 2008 |

**A M E N D E D   C O M P L A I N T**

    1.    This is an action for false arrest, malicious prosecution and a deprivation of equal protection of the law arising from the plaintiff's arrest on July 14, 2005 in the City of New Haven. These claims sound in the Fourth and Fourteenth Amendments to the United States Constitution.

    2.    Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and, 42 U.S.C. Section 1983.

    3.    The plaintiff was at all times relevant to this action, and she remains, an adult resident of the City of New Haven.

    4.    Defendant City of New Haven is a municipal entity organized and operating under the laws of the State of Connecticut. It maintains a police department for enforcement of the law and provision of public safety to all residents and to all persons visiting the city.

    5.    Defendant Robert Torelli, Jr. was at all times relevant to this action a police officer employed by the City of New Haven, and was acting under color of law.

He is sued in his individual capacity only.

6. Defendant Stephen Verrelli was at all times relevant to this Complaint a supervising officer in the New Haven Police Department, responsible for the administration and enforcement of departmental policies. He is sued in his individual capacity only.

7. Defendant Martin Tchakirides was at all times relevant to this Complaint a supervising officer in the New Haven Police Department, responsible for the administration and enforcement of departmental policies. He is sued in his individual capacity only.

8. Defendant Torelli issued the plaintiff a misdemeanor summons on July 14, 2005, charging her with Creating a Public Disturbance.

9. The charges against the plaintiff were dismissed by a judge of the Superior Court of the State of Connecticut on April 28, 2006, resulting in a favorable termination of the criminal charges in the plaintiff's favor.

10. On July 14, 2005, defendant Torelli was approached by a civilian who complained that the plaintiff had threatened to "smack her" during a discussion about a parking space in front of the New Haven federal court on Church Street.

12. The plaintiff made no such statement.

13. Defendant Torelli confronted the plaintiff and demanded that she tell him what happened. When the plaintiff told him that the complaining witness had threatened her using racial epithets, defendant Torelli appeared to anger and threatened to arrest her and take her to the police station unless she gave him a statement.

14. The plaintiff also alerted defendant Torelli to an eyewitness to her

interaction with the complaining witness. The eyewitness was physically present as defendant Torelli spoke to the plaintiff.

15.  The plaintiff was able to make cell phone contact with a lawyer before being arrested.

16.  The plaintiff gave defendant Torelli the officer a verbal statement, explaining that she had not in any way threatened the complaining witness, but had merely commented to the complainant that the complainant's car was parked so close to hers as to make it difficult for the plaintiff to move her vehicle. The complaining witness then launched into an angry tirade, calling the plaintiff a "white bitch" and threatening her "white ass."

17.  The plaintiff made clear that she did not want the matter pursued, but wanted merely to be let alone to go about her business.

18.  Notwithstanding the availability of evidence that the plaintiff had committed no crime, defendant Torelli nonetheless issued the plaintiff a summons charging her with an offense. He also prepared a police report that contained materially false allegations and omissions about the incident.

19.  When the plaintiff realized she was to be arrested, she requested that the officer arrest the complaining witness, given the manner in which the complaining witness had threatened her. Defendant Torelli refused to do so.

20.  Thereafter, the plaintiff complained to defendant Verrelli, then a captain in the New Haven Police Department, about the fact that the woman who had threatened her had not been charged. She requested an arrest of the complaining witness for threatening.

3

21. The plaintiff then complained to defendant Tchakiridies and requested an arrest of the complaining witness for threatening. Defendant Tchakirides reiterated that there was a policy against arresting complaining witnesses in such cases.

22. Thereafter, the plaintiff attempted to complain to the chief of the New Haven Police Department about selective enforcement of the law and was told that the chief would not accept a telephone call of this sort. Defendant Tchakirides told her the department had a policy against so-called "cross complaints."

23. The city maintains a policy, practice or custom of depriving persons accused of a crime of the right to make criminal complaints against their accusers, thus depriving the plaintiff of equal protection of the law.

24. As a direct and proximate result of the defendants' decision to initiate prosecution, the plaintiff was charged with an infraction and was forced to undergo the expense and humiliation of defending a criminal proceeding. She was also denied equal protection of the law when the defendants refused to process a criminal complaint she initiated against a woman who had threatened her. The defendants deliberately concealed evidence that the plaintiff herself had been the victim of a crime.

25. The acts and omissions of all defendants except those of the City of New Haven described were intentional and were inspired by malice.

26. As a direct and proximate result of the acts and omissions described herein, the plaintiff suffered fear, anxiety, humiliation, loss of reputation, loss of employment opportunity and the loss of her Constitutional rights as herein described.

WHEREFORE, the plaintiff claims damages as follows:

    a. Compensatory damages;

    b.      Punitive damages against each individual defendant only;

    c.      Attorney's fees and costs arising under 42 U.S.C. Section 1988;

    d.      Such other relief as the Court deems fair and equitable.

THE PLAINTIFF

By_____/s/_____
NORMAN A. PATTIS
ct13120
Law Offices of Norman Pattis, LLC
649 Amity Road
Bethany, CT 06524
203.393.3017
203.393.9745 (fax)
napatty1@aol.com

## **CERTIFICATION**

This is to certify that on 9/12/08, a copy of the foregoing was filed electronically. Notice of this filing will be sent, via e-mail, to all parties by operation of the Court's electronic filing system, and the undersigned did cause to be sent, via First Class U.S. mail, postage prepaid, a copy of the foregoing to all counsel and pro se parties that do not have access to the Court's electronic filing system and to whom the court directs the undersigned to send a hard copy via mail. Parties may access this filing through the Court's system.

By: /s/ Norman A. Pattis
NORMAN A. PATTIS
Law Offices of Norman

5