UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE MILLS, : | |
| : | |
| Plaintiff, : | 3:08cv1046 (MRK) |
| : | |
| v. : | |
| : | |
| CITY OF NEW HAVEN, : | |
| ROBERT A. TORELLI, JR., : | |
| STEPHEN VERRELLI, and : | |
| MARTIN TCHAKIRIDES, : | |
| : | |
| Defendants. : | |

## RULING AND ORDER

This is a suit under 42 U.S.C. § 1983 against the City of New Haven and three of its police officers for an alleged false arrest, malicious prosecution, and violation of equal protection. *See* Am. Compl. [doc. # 13]. Now pending are two motions of the Defendants. The first, Defendants' Motion to Dismiss [doc. # 79], requests that the Court dismiss this case pursuant to Rule 41(b) of the *Federal Rules of Civil Procedure* for the failure of the Plaintiff, Jane Mills, to comply with an order issued under Local Rule 83.3(a) to post security for costs. *See* Order [doc. # 73]. The second, Defendants' Motion for Sanctions [doc. # 81], also requests dismissal, but under Rule 37 for Ms. Mills' failures of discovery. For the reasons that follow, the Court hereby GRANTS Defendants' Motion for Sanctions [doc. # 81] and orders that this case be dismissed, but without prejudice to Ms. Mills re-filing her lawsuit at a later time. Defendants' Motion to Dismiss [doc. # 79] is therefore DENIED as moot.

## I.

On July 14, 2008, Ms. Mills, then represented by counsel, commenced this suit, which arises out of her arrest for allegedly creating a public disturbance in violation of Conn. Gen. Stat. 53a-181a, an infraction offense, on July 14, 2005. *See* Compl. [doc. # 1]. Ms. Mills, against whom the charge was eventually dismissed, claims that she was arrested and subsequently prosecuted without probable cause, and further, that the New Haven Police Department refused to accept a complaint that she wished to file against the woman whose complaint led to Ms. Mills' arrest. *See* Am. Compl. [doc. # 13] ¶¶ 18-21. Ms. Mills alleges that this refusal was pursuant to a policy of refusing so-called "cross-complaints," which she says violates equal protection. *See id.* ¶¶ 22-23.

Ms. Mills filed an amended complaint on September 12, 2008 and the Defendants answered on September 29, 2008. *See* Defs.' Answer [doc. # 15]. On October 20, 2008, the parties filed the report of their 26(f) conference, *see* Fed. R. Civ. P. 26(f), and on November 5, 2008, the Court entered a scheduling order. *See* Case Management Order [doc. # 20]. Pursuant to that order, discovery was to be completed by July 1, 2009. *See id.*

On or about November 19, 2008, Defendants served interrogatories and requests for production on Ms. Mills' attorney. *See* Pl.'s Mot. for Extension of Time to Respond/Object to Defs.' Requests Dated Nov. 19, 2008 [doc. # 24]. On December 17, 2009, Ms. Mills requested an additional 30 days to respond, *see id.*, which was granted. *See* Order [doc. # 25]. Ms. Mills sought additional extensions on January 19, 2009; February 1, 2009; and February 23, 2009, *see* Mots. for Extension of Time [docs. # 26, 28, 31], all of which were granted. *See* Orders [docs. # 27, 29, 32].

The Fourth Motion for Extension of Time [doc. # 31], filed on February 23, 2009, only sought two additional days to comply with Defendants' discovery requests, and while Ms. Mills did

answer several of the interrogatories by that date, she objected to others and failed to produce any of the requested documents. *See* Defs.' Mem. of Law in Supp. of Mot. to Compel and for Sanctions [doc. #44]; Aff. of Vicki Cooper [doc. # 44-5] ¶ 5. Ms. Mills' efforts to comply with discovery were subsequently complicated by the souring of her relationship with her attorneys. On March 11, 2009, her attorneys filed a motion to withdraw, stating "that the attorney/client relationship has broken down." *See* First Mot. to Withdraw [doc. # 33] at 1. The following day, her attorneys filed a second motion to withdraw, representing that Ms. Mills had "terminated and discharged" them from representing her. *See* Second Mot. to Withdraw [doc. # 34]. After the Court provided Ms. Mills with notice, *see* Notice [doc. # 35], Ms. Mills elected to proceed without representation, *see* Appearance *Pro Se* by Jane Mills [doc. # 37], and has remained *pro se* ever since.

       The Court held a telephonic status conference on April 13, 2009. *See* Tr. of Proceedings held on April 13, 2009 [doc. # 69]. During the conference, Ms. Mills inquired about the possibility of the Court appointing new counsel for her. Ms. Mills was told that she would need to make a motion to that effect, and was twice informed that she would need to include information about her financial situation so that the Court could evaluate whether or not she could afford an attorney on her own. *See id*. at 6-7, 17. Ms. Mills indicated that she would be filing a motion to appoint counsel by the end of the month, and that, in the interim, she would continue to work with opposing counsel to work out the remaining issues related to Defendants' discovery requests. Ms. Mills also expressed displeasure with employees of the District of Connecticut, including those of the Clerk's Office and the U.S. Marshals, as well as a desire to be in a different venue. The Court informed her that she would need to file a motion to transfer if she wished the Court to consider it. *See id.* at 4-6, 14-15.

On April 30, 2009, Ms. Mills filed a Motion to Transfer the Question of Venue Out of District; or Alternatively to Appoint Counsel to Plaintiff to Evaluate Venue; or Alternatively, Motion for an Extension of Time to Replace Counsel [doc. # 40].  The Court denied Ms. Mills' request to appoint counsel because she failed to file the requisite financial affidavit and statements, but granted Ms. Mills until May 30, 2009 to find replacement counsel.  *See* Order [doc. # 43].  On June 9, 2009, the Court denied Ms. Mills' request to transfer this case to a federal court in New York, *see* Ruling and Order [doc. # 45], because, among other reasons, a court in New York could not acquire personal jurisdiction over the City of New Haven, Connecticut, which is a defendant in this action.  *See* 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district where it might have been brought."); *Guillory v. Barrieau Moving*, No. 3:03CV1105(DJS), 2004 WL 1393618, at *2 (D. Conn. Jun. 21, 2004) (explaining that to transfer a case to another district under Section 1404, "the plaintiff[] must have been able to acquire personal jurisdiction over each defendant in the transferee district").

On June 5, 2009, Defendants filed a motion to compel discovery and for sanctions because Ms. Mills still had not responded fully to the discovery requests dated November 19, 2008.  *See* Defs.' Mot. to Compel & for Sanctions [doc. # 44].  In response, Ms. Mills explained that she had misunderstood what her deadline to respond to the discovery requests had been.  *See* Pl.'s Resp. to Defs.' Mot. to Compel and Mot. for Sanctions [doc. # 47].  On June 18, 2009, the Court denied Defendants' request for sanctions, but granted their Motion to Compel, giving Ms. Mills another three and one-half weeks, until July 13, 2009, to respond fully to the First Set of Interrogatories and Requests for Production dated November 19, 2008.  *See* Order [doc. # 49].

On July 29, 2009, Ms. Mills sent directly to the Court a documented entitled "Emergency *Ex*

4

*Parte* Motion Regarding Evidence Handling," in which she alleged that an exhibit used during her deposition a few days prior – a copy of the infraction ticket that forms part of the basis of this lawsuit – had been later switched out for a copy that differed from the one about which she testified. *See* Pl.'s Emergency Mot. Regarding Evidence Handling [doc. # 62]. Upon receipt, the Court made arrangements with both parties to confer the following day via telephone and had Ms. Mills' motion docketed. *See id.*; Tr. of Proceedings held on July 30, 2009 [doc. # 70]. During the call, Ms. Mills requested that the Court order the court reporter that had been present at her deposition to preserve the audio recording of the deposition. *See* Tr. of Proceedings held on July 30, 2009 [doc. # 70] at 13. Since Ms. Mills did not know whether there was any such audio, the Court denied her request, but invited her to gather more information and renew her motion if appropriate. *See id*. at 14-15; Order [doc. # 64]. Later that same day, Ms. Mills provided additional information about the audio recording of her deposition, and renewed her request that the Court order that it be preserved, along with the stenographer's notes and all copies of the infraction ticket in the possession of Defendants' attorney. *See* Pl.'s Mot. for Recons. [doc. # 67]. Since Ms. Mills could propound a discovery request to secure all copies of the ticket, that request was denied, but the Court granted her the first two items of relief sought. *See* Order [doc. # 68].

On August 31, 2009, Defendants moved, under Local Rule 83.3(a), for an order that Ms. Mills post a cash deposit or bond in the sum of $500.00 as security for costs. *See* Defs.' Mot. for Bond [doc. # 72]. Defendants' motion was granted by the Clerk as a matter of course. *See* Order [doc. # 73]; *see also* D. Conn. L. Civ. R. 83.3(a) ("Any time after the commencement of an action, the defendants . . . are entitled on request to the Clerk to an order to be entered by the Clerk, as of course, for a cash deposit or bond with recognized corporate surety in the sum of $500.00 as security

5

for costs to be given within thirty days from the entry of such order.").

The next day, on September 1, 2009, Ms. Mills filed a document entitled, "Notice to the Court of Intent to File Motion Regarding Plaintiff's Court Access," in which Ms. Mills stated that "conditions created and maintained by the court [] have impinged on plaintiff's prosecution of her case." Pl.'s Notice to the Ct. of Intent to File Mot. Regarding Pl.'s Ct. Access [doc. # 74] at 1. The Notice stated further that "these conditions . . . originated from plaintiff's access to the court not within a lawsuit but through her professional work," and that, as a result, "the court had relinquished its personal jurisdiction over her or otherwise violated her rights as to her access to the courts." *Id*. at 1-2. The Notice also detailed a number of actions that Ms. Mills would have taken in this lawsuit but for the allegedly unlawful conditions maintained by the court. *See id*. at 2-4. After receiving Ms. Mills' filing, the Court scheduled a status conference to address her concerns. *See* Notice of Status Conference [doc. # 75].

The in-court status conference was held on September 16, 2009 and lasted nearly ninety minutes. *See* Minute Entry for Proceedings [doc. # 76]. During the hearing, Ms. Mills primarily, if not exclusively, expressed concerns about court personnel. Ms. Mills said that her work as a journalist had made her a regular visitor to the various courthouses in Connecticut since at least 2002, but that employees of the Clerk's Office and court security officers of the District of Connecticut had been retaliating against her ever since she lodged a complaint against a Clerk's Office employee in 2007. Ms. Mills said that this retaliation had cost her employment opportunities and severely diminished her income, and that she was therefore no longer able to proceed with this case. The Court offered to send a letter to the Chief Judge of the District of Connecticut, Chief Judge Alvin Thompson, so that he could address Ms. Mills' concerns, but Ms. Mills refused this

suggestion, asking the Court instead to take testimony about the alleged retaliation. The Court denied this request, explaining that those matters do not relate to the claims arising out of Ms. Mills' arrest on June 14, 2005, or anything else in her Amended Complaint, but that she could, of course, file a separate lawsuit with those allegations. Ms. Mills argued forcefully that the matters were not separate issues, and asserted that it was unlawful for the Court to permit this case to proceed in light of her complaints about court access. In response, the Court offered to permit Ms. Mills to file her financial information in support of an application for appointment of counsel or a request under Local Rule 83.3(b) to have the bond requirement waived directly with the Court's chambers and under seal, so that the information would remain confidential and Ms. Mills would not have to interact with the Clerk's Office. Additionally, the Court pointed out that complying with discovery requests does not require any interaction with court personnel; and that if Ms. Mills was concerned about her filings not being docketed properly, she could, as many attorneys do, mail courtesy copies of them directly to chambers, such that the Court would be aware if they were not handled properly. Ms. Mills said that these measures were inadequate to address the root problem preventing her from moving forward with this case, which is a lack of financial resources.

    At the conclusion of the hearing, the Court was clear with Ms. Mills that: (1) she needed to either post the required security or file a motion to be relieved of that requirement, and that if she chose the latter, she could file the financial affidavit in support directly with chambers and under seal; and (2) that by October 1, 2009, she needed to comply with the discovery requests dated November 18, 2008. The Court warned Ms. Mills no fewer than four times that if she did not comply with the discovery requests by the appointed date, her case could be dismissed.

    Nonetheless, on October 5, 2009, Ms. Mills had neither paid the security nor requested a

waiver, and therefore Defendants filed a motion to dismiss on that basis. *See* Defs.' Mot. to Dismiss for Failure to Post Security for Costs [doc. # 79]. On October 8, 2009, the Court issued a notice that stated, in part, the following:

> **No later than November 2, 2009**, Ms. Mills is directed to do any one of the following: file a response to Defendants' Motion to Dismiss for Failure to Post Security for Costs; post the security, as required by the September 1, 2009 order; or request a waiver of the security requirement under Local Rule 83.3. **Failure to take one of these actions on or before November 2, 2009 may result in the dismissal of this case.**

Notice to Pl. (emphasis in original) [doc # 80].

Then, on October 9, 2009, Defendants filed a motion for sanctions, requesting that this case be dismissed for Ms. Mills' continued failure to comply with discovery and this Court's orders regarding discovery. *See* Defs.' Mot. for Sanctions [doc. # 81]. According to an affidavit accompanying Defendants' motion, Ms. Mills had not complied with the discovery requests as of its writing, on October 8, 2009. *See* Radshaw Aff. [doc. # 81-12] ¶¶ 11-12. The Court subsequently issued the following notice:

> Pending before the Court is Defendants' Motion for Sanctions [doc. # 81]. Defendants' Motion requests that the Court dismiss this case, pursuant to Rule 37 of the *Federal Rules of Civil Procedure*, for Ms. Mills' failure to comply either with discovery or this Court's orders regarding discovery. Ms. Mills is directed to respond to Defendants' Motion or comply with this Court's prior orders regarding discovery no later than **November 4, 2009. Failure to take one of these actions on or before November 4, 2009 may result in the dismissal of this case with prejudice on November 5, 2009.**
>
> Ms. Mills is also reminded of the Court's Notice dated October 8, 2009 [doc. # 80] regarding the Defendants' Motion to Dismiss for Failure to Post Security for Costs [doc. # 79], whereby she was notified that this case could be dismissed if she does not, on or before November 2, 2009, either respond to Defendants' motion; post the security; or request a waiver under Local Rule 83.3.

Notice to Pl. (emphasis in original) [doc. # 82].

8

To date, Ms. Mills has failed to respond to the Motion to Dismiss [doc. # 79], the Motion for Sanctions [doc. # 81], or either of the Court's notices [docs. # 80, 82].

## II.

"[D]iscovery orders are meant to be followed," *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995), and "[a] party who flouts such orders does so at [her] peril." *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988). "[A]ll litigants, including *pro ses*, have an obligation to comply with court orders,' and failure to comply may result in sanctions, including dismissal with prejudice." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (per curiam) (*quoting Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)).

District courts possess "broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices." *Penthouse Int'l v. Playboy Enter.*, 663 F.2d 371, 386 (2d Cir. 1981). Rule 37 of the *Federal Rules of Civil Procedure* specifically authorizes district courts to impose a variety of sanctions, including dismissal, for a party's failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The Supreme Court has explained that "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express v. Piper*, 447 U.S. 752, 763-64 (1980) (*quoting Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam)). Dismissal with prejudice also serves "to prevent undue delays in the disposition of cases and to avoid congestion in the calendars of the District Courts." *Id. See also Jones v. Niagara Frontier Transportation Authority*, 836 F.2d 731, 735 (2d Cir. 1987) ("[I]n this day of burgeoning, costly, and protracted litigation courts should not shrink from imposing harsh sanctions where . . .

9

they are clearly warranted.") (*quoting Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979)).

That being said, dismissal under Rule 37 is a "drastic remedy," and should only be imposed when "alternate, less drastic sanctions" are deemed insufficient. *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (citation omitted). Generally, dismissal comes only upon a showing of "willfulness, bad faith, or fault on the part of the sanctioned party." *Bambu Sales*, 58 F.3d at 853. Additionally relevant here, the Second Circuit has repeatedly emphasized that the district courts ought to afford *pro se* litigants "special solicitude" and "reasonable allowances" in order to protect them from "inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d. Cir. 2006) (citations omitted). But that is not to say that dismissal of an action brought by a *pro se* litigant is inappropriate; indeed, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro* se, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam); *see also McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (affirming a dismissal of a *pro se* plaintiff's case under Rule 37(b) because "while *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions.").

In a recent opinion affirming the dismissal with prejudice of a *pro se* plaintiff's case, the Second Circuit identified four factors to consider in measuring whether a district court properly exercised its discretion in dismissing an action pursuant to Rule 37. They are: "(1) the willfulness

of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal*, 555 F.3d at 302 (per curiam) (citation omitted). Evaluation of these factors leads the Court to conclude that dismissal is appropriate here.

### III.

As for the first factor, the Court has no choice but to conclude that Ms. Mills has acted willfully in refusing to comply with its orders to provide discovery. "Non-compliance may be deemed willful 'when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." *Abreu v. City of New York*, 208 F.R.D. 526, 531 (S.D.N.Y. 2002) (*quoting Bambu Sales*, 58 F.3d at 852-53). As illustrated by the previous discussion, there can be no question here that the Court's orders have been clear in requiring Ms. Mills to comply with the discovery requests by a date certain. Moreover, the Court is certain that Ms. Mills has understood its orders and what they have required, particularly after the 84-minute, in-court status conference on September 16, 2009. During that conference, Ms. Mills exhibited a clear understanding of what was required of her, as well as an unambiguous intention not to comply. And although Ms. Mills did proffer excuses for her repeated non-compliance with discovery – in particular, a desire to avoid interacting with court personnel – she refused the Court's offered accommodations and to explain how this issue was preventing her from, for example, mailing Defendants the requested discovery. Instead, Ms. Mills objected to any attempt to move her lawsuit forward, insisting at every opportunity on arguing about issues that are not in her Amended Complaint and that have nothing to do with Defendants. Ms. Mills continually asserted that unless the Court conducts its own investigation into her allegations of retaliation against

her from court personnel, it has "relinquished its personal jurisdiction" over her. In support of their Motion for Sanctions, Defendants have submitted emails between their counsel and Ms. Mills in which she makes the same arguments about why she should not be required to comply with discovery. *See, e.g.*, Email from Jane Mills to John Radshaw, counsel for Defendants (Aug. 31, 2009, 12:25 p.m.) [doc. # 81-9]; Email from Jane Mills to John Radshaw (Aug. 31, 2009, 2:22 p.m.) [doc. # 81-11].

During and after the status conference, Ms. Mills persisted in ignoring the Court's requests to cooperate in the prosecution of her own case despite repeated, explicit, and emphatic warnings that the failure to do so would result in her case being dismissed. Moreover, it is worth emphasizing that the discovery requests to which Ms. Mills has thus far failed to fully respond were received by her since-terminated attorney on November 21, 2008 – nearly a year ago. *See* Pl.'s Mot. for Extension of Time to Respond/Object to Defs.' Requests Dated Nov. 19, 2008 [doc. # 24]. Since then, the Court has granted Ms. Mills six extensions of time to respond to the requests, *see* Orders [docs. # 25, 27, 29, 32, 49, 77] – the last three of which passed without her providing the requested discovery or asking the Court for additional time to respond.

In sum, Ms. Mills' non-compliance has been deliberate, long-lived, and in the face of repeated warnings of its likely consequences. In light of Ms. Mills' actions over the course of the last few months and her emphatic assertions at the September 16, 2009 status conference that she will not be complying with discovery requests, the Court cannot imagine how any sanction short of dismissal would be efficacious in serving the goals of Rule 37. *See Musgrave v. Wolf*, 136 Fed. Appx. 422, 424 (2d Cir. 2005) (affirming a decision to dismiss with prejudice a *pro se* plaintiff's action because "the record below reveals a consistent attitude on [the plaintiff's] part that no determination of the

Magistrate Judge or the District Court was decisive or binding, that every issue in the case was open to continual review on the same repeated grounds, and that she was entitled to suspend court discovery orders simply by appealing them repeatedly. This attitude plainly went beyond any confusion about the law such as a good faith *pro se* litigant might have, and instead reflected a refusal to recognize the court's authority."); *Reinhardt v. United States Postal Serv.*, 150 Fed. Appx. 105, 107 (2d Cir. 2005) (same, and stating that "[t]he district court's finding that plaintiff's 'defiance' was 'willful' finds ample support" in, *inter alia*, "the number and clarity of the unheeded orders [and] the court's explicit warnings regarding possible dismissal"); *see also id.* (rejecting the plaintiff's argument that "financial hardship precluded him from complying with the court's deposition orders," not only because he failed to raise it below, but also because "the proper action for a party who cannot afford to travel to a court ordered deposition is *not* to ignore the court order but to move for an adjournment or an alternative discovery order.").

      The Court has given Ms. Mills numerous opportunities to comply with its orders, but all have been met with hostility not just to the right of Defendants to seek discovery from her, but to this Court's authority over a case that she chose to file with it. The Court sees no reasonable alternative but to grant Defendants' Motion for Sanctions [doc. # 81]. However, despite Ms. Mills' aspersions, the Court is not unsympathetic to her professed (albeit unproven) financial difficulties; therefore, her case will be dismissed without prejudice to her re-filing it. But Ms. Mills is reminded that should she choose to re-file her case, her obligations under the *Federal Rules of Civil Procedure* will remain just as they have been in this case, and she will be expected to comply with them as well as all orders of the Court.

## IV.

In summary, the Court GRANTS Defendants' Motion for Sanctions [doc. # 81], and orders that this case be dismissed without prejudice.  Defendants' Motion to Dismiss for Ms. Mills' failure to post security [doc. # 79] is denied as moot, but without prejudice to renewal should Ms. Mills decide to re-file her lawsuit.  **The clerk is directed to close this case.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: November 10, 2009.**